**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO: 16-cv-23160-JAL

C.A.F., S. R.F. and J.H.F.,

      Plaintiffs,

vs.

Miami-Dade County School Board,

      Defendant.

_____/

**DEFENDANT'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT**

The Defendant, Miami-Dade County School Board, through undersigned counsel, answers the Plaintiffs' Third Amended Complaint [ECF 98].

**I.     PRELIMINARY STATEMENT**

1.     The Defendant denies that this action arises from an administrative due process hearing under the Individuals With Disabilities Education Act ("IDEA") because Plaintiffs did not seek de novo review pursuant to 20 U.S.C. § 1415(i)(2), and there is no legal basis pursuant to 42 U.S.C. § 1983 for Plaintiffs to bring an "enforcement" action such as this one.  Defendant further asserts that Plaintiffs' claims are either impermissible or have not been properly pled in the Third Amended Complaint.  Defendant admits that Plaintiffs are prevailing parties as to some of the issues in the underlying administrative due process hearings, but not all issues, entitling them to a certain amount of reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3), but denies that Plaintiffs are entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

Case No. 16-cv-23160-JAL
Defendant's Answer to Plaintiffs' Third Amended Complaint

## II. PARTIES

2. The Defendant denies the allegations in paragraph 2 of the Third Amended Complaint because C.A.F., S.R.F. and J.H.F. are not minor children. At certain times during the pending litigation they were minors, but have now reached the age of majority. Accordingly, the allegation that C.A.F., S.R.F. and J.H.F. are minor children of R.E.F. should be stricken as immaterial and impertinent. The Defendant further objects to the description of the Plaintiffs as "Plaintiff Boys", but acknowledges that that is how the Plaintiffs have chosen to describe themselves.

3. The Defendant lacks sufficient information to admit or deny the allegations of paragraph 3 of the Third Amended Complaint, and all such allegations are therefore denied.

4. The allegations of paragraph 4 of the Third Amended Complaint are admitted as to R.E.F. being the Plaintiffs Boys' mother, but lacks sufficient information to admit or deny the remainder of paragraph 4, and all such allegations are therefore denied. In addition, paragraph 4 of the Third Amended Complaint should be stricken as immaterial and impertinent.

5. The allegations of paragraph 5 of the Third Amended Complaint are admitted.

6. In response to paragraph 6 of the Third Amended Complaint the Defendant admits that it is a public school district responsible for providing educational instruction and related services to the Plaintiff Boys at certain relevant times, and that it is a local education agency ("LEA") within the meaning of IDEA. The Defendant was the LEA responsible to provide FAPE to the Plaintiff Boys at certain times in the past. All remaining allegations in paragraph 6 of the Third Amended Complaint are denied.

### III. JURISDICTION AND VENUE

7. The Defendant admits that this Court has subject matter jurisdiction over this action as a federal question, but denies all remaining allegations in paragraph 7 of the Third Amended Complaint.

8. The allegations of paragraph 8 of the Third Amended Complaint are admitted for venue purposes only.

9. The allegations of paragraph 9 of the Third Amended Complaint are denied.

### IV. STATUTORY SCHEME

10. The allegations of paragraph 10 of the Third Amended Complaint are admitted as to one of the purposes for which Congress enacted the IDEA.

11. Paragraph 11 of the Third Amended Complaint is Plaintiff's commentary on the law, and no response by the Defendant is required. To the extent any response is required, the Defendant denies Paragraph 11 as framed.

12. Paragraph 12 of the Third Amended Complaint is admitted.

13. Paragraph 13 of the Third Amended Complaint is admitted.

14. Paragraph 14 of the Third Amended Complaint is denied.

15. Paragraph 15 of the Third Amended Complaint is admitted as to the first sentence, but whether to award fees and, if fees are awarded, the amount of any such award, are within the Court's discretion and not a matter of right. The second sentence of paragraph 15 is denied.

16. [There is no paragraph 16 in the Third Amended Complaint.]

17. [There is no paragraph 17 in the Third Amended Complaint.]

### V. GENERAL FACTUAL ALLEGATIONS

18. Paragraph 18 of the Third Amended Complaint is admitted.

19. The allegations of paragraph 19 of the Third Amended Complaint are denied as phrased.

20. The Defendant lacks sufficient information to admit or deny the allegations of paragraph 20 of the Third Amended Complaint, and all such allegations are therefore denied.

21. The allegations of paragraph 21 of the Third Amended Complaint are denied.

22. The allegations of paragraph 22 of the Third Amended Complaint are admitted.

23. The allegations of paragraph 23 of the Third Amended Complaint are denied.

24. The allegations of paragraph 24 of the Third Amended Complaint are admitted.

25. The allegations of paragraph 25 of the Third Amended Complaint are admitted.

26. Paragraph 26 of the Third Amended Complaint is denied as phrased.

27. Paragraph 27 of the Third Amended Complaint is respectfully denied.

28. Paragraph 28 of the Third Amended Complaint is admitted.

29. The allegations of paragraph 29 of the Third Amended Complaint are admitted.

30. The allegations of paragraph 30 of the Third Amended Complaint are denied as phrased. The Final orders issued by DOAH, attached as Exhibits A, B and C to the Amended Complaint, speak for themselves.

31. The Defendant lacks sufficient information to admit or deny the allegations of paragraph 31 of the Third Amended Complaint, and those allegations are therefore denied.

32. The Defendant denies the allegations of paragraph 32 of the Third Amended Complaint. The Defendant does not believe that Dr. McIntire's determinations are reasonable.

33. The allegations of paragraph 33 of the Third Amended Complaint are denied.

34. Paragraph 34 of the Third Amended Complaint is denied as phrased. Defendant admits that Plaintiffs' are entitled to some amount of reasonable attorney's fees as partially

prevailing parties, but denies that the Plaintiffs are entitle to fees for those portions of their claims on which they did not prevail.

35. Paragraph 35 of the Third Amended Complaint is denied.

## VI.  ENFORCEMENT UNDER 42 U.S.C. § 1983

36. The Defendants incorporate their responses to paragraphs 1 through 35 above.

37. Paragraph 37 of the Third Amended Complaint is admitted.

38. Paragraph 38 of the Third Amended Complaint is denied.

39. Paragraph 39 of the Third Amended Complaint is denied.  Defendant has not refused to comply with the administrative final orders, and the Plaintiffs have failed or refused to participate and/or cooperate in the implementation of the DOAH administrative final orders.

## VII.  IDEA Attorney's Fees

40. The Defendants incorporate their responses to paragraphs 1 through 35 above.

41. Paragraph 41 of the Third Amended Complaint is admitted in part and denied in part.  The Plaintiffs were represented by counsel and prevailed on some of their claim in the administrative due process hearing, but were non-prevailing parties as to various claims.

42. Paragraph 42 of the Third Amended Complaint is admitted in part and denied in part.  Any recovery by the Plaintiffs of attorney fees and costs must be limited to reasonable amounts for the claims on which they prevailed.

43. All allegations in the Third Amended Complaint that are not expressly admitted herein are hereby denied.

## VIII.  AFFIRMATIVE DEFENSES

44. As a first affirmative defense the Defendant states that the Court does not have subject-matter jurisdiction over the claims because: (a) Defendant has not refused to comply with

the administrative final orders; (b) as a matter of law Plaintiffs cannot invoke 42 U.S.C. § 1983 ("Section 1983") as a cure for their failure to seek de novo review of the administrative final orders, within 90 days, pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1415(i)(2).

45. As a Third affirmative defense the Defendant states that pursuant to 20 U.S.C. § 1415(i)(2), the Plaintiffs' waived their right as "aggrieved parties" to challenge the terms of the Administrative Law Judge's awards of compensatory education because they did not bring civil actions within the 90-day statutory time period.

46. As a third affirmative defense the Defendant asserts that Plaintiffs may not circumvent the statutory time for appeal of an administrative final order by asking the Court to receive supplemental expert evidence in a purported Section 1983 "enforcement" action.

47. As a fourth affirmative defense the Defendant states that Plaintiffs failed to exhaust their administrative remedies on the sufficiency of the compensatory education awards for each Plaintiff and have thereby waived relief from this Court in this proceeding.

48. As a fifth affirmative defense the Defendant states that the Plaintiffs' claims are barred by res judicata and/or collateral estoppel. The administrative awards of compensatory education were not challenged by the Plaintiffs and the Defendant has not refused to comply with the awards. The Plaintiffs had a full and fair opportunity at the administrative due process hearing to prove the claims for which they now seek the Court's intervention.

49. As a sixth affirmative defense the Defendant asserts that, the Defendant has not refused to comply with the administrative final orders. There is no basis for a Section 1983 "enforcement" action against the Defendant.

50. As a seventh affirmative defense, the Defendant asserts that the Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs have failed to allege any deprivation of a federal statutory right, including access to procedural review of their IEPs.

51. As an eighth affirmative defense, the Defendant asserts that the Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs have failed to allege any established custom, policy or practice of Defendant giving rise to a Section 1983 claim.

52. As a ninth affirmative defense the Defendant states that Plaintiffs withdrew from Defendant's school system before compensatory education could be provided to them, and they have refused to cooperate with Defendant on delivery of compensatory education, in effect waiving or abandoning their claims for compensatory education.

53. As a tenth affirmative defense the Defendant states that, in good faith, Defendant tendered payments to the Plaintiffs for compensatory education for amounts that were beyond the standard of reasonableness, in order to satisfy the awards of full days of compensatory education awarded in the administrative final orders. Plaintiffs inappropriately rejected the tendered payments.

54. As an eleventh affirmative defense the Defendant states that pursuant to case law, compensatory education is an equitable remedy to be determined qualitatively based on the necessity of each student's individual needs. The monetary awards sought by the Plaintiffs are not individually-tailored and based on evidence in the record. Therefore, they are not in congruity with the IDEA.

55. As a twelfth affirmative defense, the Defendant states that monetary damages are not available in actions under the IDEA.

56. As a thirteenth affirmative defense, the Defendant states that, to the extent the Plaintiffs are making a claim for "damages" under Section 1983, they have a duty to mitigate their damages and have failed to do so.

57. As a fourteenth affirmative defense the Defendant states that the Plaintiffs' claims are barred by the doctrine of laches because their delays in retaining an "expert" and bringing this action have prejudiced Defendant, who fully expected to discharge its duty to provide compensatory education to each Plaintiff based on the administrative final orders.

58. As a fifteenth affirmative defense the Defendant states that pursuant to 20 U.S.C. § 1415(i)(3)(F), Plaintiffs' award of attorney fees should be reduced or denied for unreasonably protracting litigation, unreasonably exceeding the hourly rate prevailing in the community for attorneys of similar skill, reputation and experience, excessive time spent, and for not providing the Defendant with the appropriate information in the notice of complaint described in 20 U.S.C. § 1415(b)(7)(a).

59. As a sixteenth affirmative defense the Defendant states that pursuant to 20 U.S.C. § 1415(i)(3)(D)(i), more than ten days prior to the commencement of the administrative due process hearing before DOAH the Defendant submitted to each of the Plaintiffs a reasonable settlement offer that was improperly rejected by each Plaintiff. Those offers included greater relief than what was ultimately obtained by each of the Plaintiffs, and they are thereby precluded from recovery of attorney fees after the dates of the respective offers.

60. As a seventeenth affirmative defense the Defendant states that any recovery of attorney fees is limited to the reasonable fee for issues on which the Plaintiffs prevailed, and they are not entitled to recover on the basis of asserted issues on which they did not prevail or for an unreasonable amount of hours incurred.

61. As an eighteenth affirmative defense the Defendant states that the Plaintiffs are not entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988 because they cannot, as a matter of law, or as a matter of fact, make a claim pursuant to Section 1983.

62. As a nineteenth affirmative defense the Defendant states that pursuant to 20 U.S.C. § 1415(i)(3)(B)(i), it is entitled to an award of fees that should be offset against any award of attorney fees that may be awarded to the Plaintiffs or their attorneys for one or more of the following reasons:

A. The Plaintiffs' or their attorneys' assertion of Section 1983 as a basis for revisiting the terms of the DOAH final orders in question is frivolous, without foundation or unreasonable because the Plaintiffs failed to timely assert any grievance with the final orders by seeking de novo within 90 days of the date of the respective decisions, as required by 20 U.S.C. § 1415(i)(2)(B). Section 1983 is not a substitute for the statutory limitation of time to bring such an action.

B. The Plaintiffs' claims before this Court are without foundation or unreasonable to the extent that they are pursuing a Section 1983 cause of action for their failure to seek de novo review, entitling the Defendant to an award of its attorney fees and costs for those issues, pursuant to 1415(i)(3)(B)(II).

C. The actions of the Plaintiffs and/or their counsel of record were intended for an improper purpose such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation, entitling the Defendant to recover its attorney fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(III).

D. During and after the course of the DOAH actions and/or this proceeding the Plaintiffs or their attorneys have unreasonably protracted the final resolution of the controversy, contrary to 20 U.S.C. § 1415(i)(3)(F)(i).

63. The Defendant seeks reasonable attorney's fees and costs for defending this action.

Dated:  August 11, 2017

Respectfully submitted,

| /s/ **Mary Lawson** | /s/ **Edward S. Polk** |
|---|---|
| WALTER J. HARVEY | COLE, SCOTT & KISSANE, P.A. |
| Mary Lawson, Esq. | Edward S. Polk, Esq. |
| Florida Bar Number 584223 | Florida Bar Number 239860 |
| *Counsel for Defendant* | *Co-Counsel for Defendant* |
| mlawson@dadeschools.net | Edward.polk@csklegal.com |
| School Board of Miami-Dade County | 9150 South Dadeland Boulevard, |
| 1450 N.E. Second Avenue, Suite 430 | 14th Fl. |
| Miami, Florida 33132 | Miami, Florida 33156 |
| Telephone: (305) 995-1304 | Telephone: (305) 350-5338 |
| Facsimile: (305) 995-1412 | Facsimile: (305) 373-2294 |

## Certificate of Service

I hereby certify that on the 11th day of August 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ *Edward S. Polk*
Edward S. Polk, Esq.

## SERVICE LIST

### R.E.F., et al. v. Miami-Dade County School Board

Allison Hertog, Esq.
allison@makingschoolwork.com
Making School Work, P.L.
1550 Madruga Avenue
Suite 333
Coral Gables, FL 33146
Telephone: (305) 663-9233
Facsimile:  (305) 675-0562

Alice Nelson, Esq.
Florida Bar No. 21171
alice@nelsonlg.com
Of Counsel
Nelson Law Group
c/0 14043 Shady Shores Drive
Tampa, Florida 33613
813- 284-5517